The opinion of the court on the original hearing was delivered by Spencer, J., and on the application for a rehearing by Manning, C. J.
Spencer, J.
The plaintiff obtained final judgment in this court against Remmers on a mortgage note for §2800, interest, costs, and attorneys’ fees. See 29 An. Webert was surety on the appeal bond in that case.
Pending that suit, the defendant, Remmers, brought suit in the Fifth District Court of Orleans to recover of plaintiff §3500, amount of a fire policy on property which had been burned, said suit being styled Remmers vs. Lafayette Fire Insurance Company.
Soon after obtaining its judgment against Remmers, the Insurance Company issued execution, seized the mortgaged property, and also the claim and suit of Remmers against itself, then pending as aforesaid. The real estate was bought in at first offering by the Company for $1070, which, after deducting costs, taxes, fees, etc., left a net credit of $378 43 on the suit. The claim and suit of Remmers vs. the Company failing to *1348 bring two thirds its appraisement was re-advertised for sale at twelve months. The sheriff returns that at this second offering this claim and suit were adjudicated to W. S. Benedict for one Joseph Mathis for $100, which sum less Certain costs was also credited on the writ, which was thereupon returned unsatisfied. Thereupon the present rule was taken against Webert, the surety, to make him liable for the balance of the judgment against Remmers.
Webert answered the rule by alleging in substance that at said second sale said suit and claim were adjudicated to him (Webert) for $3050, more than enough to satisfy the writ; that by consent of the sheriff he stepped out of the auction-room for a few minutes to get the surety on the twelve-months bond, offering and tendering to the sheriff before leaving $3050 in money as a guarantee for his return with his surety to sign the bond; that the sheriff said he would wait his return, and had made no demand on him or tendered the bond for signature ; that on his return, in about ten minutes, to his amazement he was told that the property had been re-offered, and adjudicated to the agent of the Insurance Company for $100, although said agent had just a few minutes before bid on it to the amount of $3025. He alleges conspiracy between the sheriff and plaintiff, and avers “that by this fraud, perpetrated by plaintiffs on this appearer, through the instrumentality of the sheriff, this appearer has been defrauded out of property adjudicated to him, and of the value of $3500, for which he was entitled to a credit of twelve months, and but for said fraud, combination, and conspiracy between the plaintiffs and the sheriff the defendant in execution would have been entitled to a credit of $3050 on said judgment.”
The rule came on for trial, and the following is the note of evidence :
“Plaintiff offers in evidence the judgment in this case, No. 7315, also the decree of the Supreme Coiut ordering the execution thereof.
“Also the motion of appeal and bond of appeal.
“ Also the writ of fi. fa. and sheriff’s return.
“ Defendant offers the witness now on the stand to prove the allegations of his answers.
“Objected to by plaintiff.
“Objection sustained by the court.
“ Exceptions reserved by defendant.
“ Rule submitted.”
There was judgment against the surety for the balance of the judgment, $2697 67, with interest and costs.
The surety appeals, and claims that the court a qua improperly rejected evidence to sustain the allegations of his answer.
Plaintiff contends that as the defendant in rule took no “bill of exceptions,” and that as the note of evidence does not set out the *1349 grounds of plaintiff’s objections, and as there is no assignment of errors, this court can not consider or determine the question whether the evidence was properly or improperly rejected ; and finally that “it does not appear from this note of evidence, nor is it a fact, that there was any witness on the stand.”
This last proposition is certainly advanced in the very teeth of the record, which declares that he “ offers the witness now on the stand to prove,” etc.
As to the bill of exceptions, the law (Act No. 102,1877,) does not require one to be taken, but authorizes the exception to be stated in the note of evidence.
We think it was the duty of the plaintiff, making objections to defendant’s evidence, to state tkém, and see that they were properly noted. He knew better than any one else what were his objections, and if he did not state them we can not presume what they were or supply them in a case where the record purports to contain a note of the evidence. Perhaps he assigned no grounds of objection, and if so neither the clerk nor defendant is responsible for the record not showing any. If what the defendant in the rule alleged and offered to prove be true, it is manifest that the sale of the property of Bemmers realized more than enough to satisfy plaintiffs writ, and that this proceeding against the surety is wrongful and illegal. We are at a loss to conceive upon what grounds he was debarred from the right to prove the facts alleged. He certainly had the right to show either that plaintiff’s writ was satisfied, or that a legal sale of the principal’s property would have satisfied it, or that the fraud of the plaintiff prevented its satisfaction. Any one of these facts was good cause why judgment should not be rendered against him in this proceeding.
If what he charges be true, flagrant injustice has been done him and his principal, and we are not disposed, upon what is to say the most of it a doubtful technicality, to cut him off from relief.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that this case be remanded to be proceeded with according to law, appellee paying costs of this appeal.